UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRIAN CAVITT,
    Petitioner,

v.

CIVIL ACTION NO.
12-11700-WGY

JAMES SABA,
    Respondent.

## MEMORANDUM AND ORDER

YOUNG, D.J.

### BACKGROUND

On August 27, 2012, Petitioner Brian Cavitt ("Cavitt"), a prisoner in custody at MCI Cedar Junction in Walpole, Massachusetts, filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 3), a Motion to Appoint Counsel (Docket No. 2), and a Motion for a Continuance (Docket No. 1).[1]

In his Motion for a Continuance, Cavitt seeks an Order permitting him a one-year extension of time to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a state court sentence. He asserts that he is indigent, does not have any attorney to assist him, he is not trained in the law, and is confined to his cell 24 hours a day except for recreation, shower, and visitation. He contends he has no access to find out how to file a habeas corpus brief or any legal document, and he is prevented access to a jail house lawyer. He seeks appointment of counsel and, pending appointment, an extension of time.

---

[1] For administrative purposes, this action was opened by the Clerk's Office as a habeas action under 28 U.S.C. § 2254.

DISCUSSION

I.      The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Cavitt's financial disclosures and prison account statement, this Court finds he lacks sufficient funds to pay the $5.00 filing fee for habeas petitions. Accordingly, his Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is ALLOWED.

II.     The Motion for Appointment of Counsel

The Court may appoint legal counsel to financially eligible persons seeking habeas corpus under § 2241, 2254, or 2255 when the Court determines that the "interests of justice so require." 18 U .S.C. § 3006A(a)(2). The decision to appoint counsel is discretionary; a habeas petitioner has no constitutional or statutory right to appointed counsel. Jackson v. Coalter, 337 F.3d 74, 77 n. 2 (1st Cir. 2003). The standard which the Court should employ in determining whether counsel should be appointed is not set forth in the statute. The First Circuit has set forth three criteria by which the court must discern the "rare" case where appointment of counsel for a habeas petitioner is warranted: (1) the likelihood of success on the constitutional claim; (2) the factual complexity and legal intricacy of the claim; and (3) the ability of the prisoner to investigate and develop the factual record necessary to the claim. United States v. Mala, 7 F.3d 1058, 1063–64 (1993). See Serrano v. Dickhaut, 2012 WL 2343730 (D. Mass. Jun. 19, 2012); see, e.g., Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir.1994) (to determine whether appointment of counsel is warranted in a § 2254 case "a district court should consider the factual and legal complexity of the case, the petitioner's ability to investigate and present his claims, and any other relevant factors").

Here, the Court credits that Cavitt is indigent, unskilled in the law, and has limited access to legal assistance. Nevertheless, the likelihood-of-success factor is dispositive at this time.

Cavittt did not file his petition for relief under § 2254, nor did he submit any information concerning the criminal conviction and/or sentence he seeks to challenge, or any grounds for the petition. A blanket request for counsel to pursue a habeas challenge simply is not enough to demonstrate that it would be in the interest of justice to appoint counsel for him. While it may be circular reasoning to require an unskilled petitioner to submit the basis for his claims when he claims he needs counsel to do this for him, he nevertheless must provide at least something from which this Court reasonably could infer that there may be merit to any habeas claim.

Accordingly, for these reasons, Cavitt's Motion for Appointment of Counsel (Docket No. 2) is <u>DENIED</u> without prejudice.

III.    The Motion for a Continuance

Similarly, Cavitt has not set forth any basis, nor any legal authority, for this Court to extend the time for filing his habeas petition for a year. He does not allege that he otherwise would be time barred from filing a § 2254 petition, and the issue whether he has exhausted his state court remedies is not addressed. Because there is no factual context provided, this Court cannot find that Cavitt's motion is well-founded, or that it has the authority to extend the statutory limitations period (if that is indeed what Cavitt requests).

For these reasons, this Court <u>DENIES</u> the Motion for a Continuance (Docket No. 1). Within 21 days of the date of this Memorandum and Order, Cavitt shall file his § 2254 habeas petition or this action shall be dismissed. The Clerk is directed to sent to Cavitt the standard template § 2254 form, which may be of some assistance to him in drafting his habeas petition.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Petitioner's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is <u>ALLOWED</u>;

2. Petitioner's Motion for Appointment of Counsel (Docket No. 2) is <u>DENIED</u>;

3. Petitioner's Motion for a Continuance (to extend the time for filing a habeas petition) (Docket No. 1) is <u>DENIED</u>;

4. Within 21 days of the date of this Memorandum and Order, Petitioner shall file his habeas petition pursuant to 28 U.S.C. § 2254 or this action will be dismissed; and

5. The Clerk shall send Petitioner the standard § 2254 form used by this Court.

SO ORDERED.

<u>/s/ William G. Young</u>
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

DATED: September 14, 2012